UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Jua Smith,

                       Petitioner,                                     **ORDER**
                                                                24-CV-01353 (DG)

     -against-

Denisha Goodman,

                       Respondent.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       By Petition filed in February 2024, *pro se* Petitioner Jua Smith, incarcerated at Greene Correctional Facility, commenced this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, relating to his 1997 conviction in New York Supreme Court, Suffolk County for murder in the second degree. *See generally* Petition ("Pet."), ECF No. 1.[1] Petitioner also moved for leave to proceed *in forma pauperis*. *See* Motion, ECF No. 2.

       On March 19, 2024, Magistrate Judge James M. Wicks – the judge then presiding over this case – issued an Order in which he noted that "Petitioner is challenging a 1997 conviction for murder in the second degree," that Petitioner's "earlier counseled application for a writ of habeas corpus was denied by this Court under docket number 00-4010(JBW)," and that the Order denying the application "was also affirmed on appeal." *See* March 19, 2024 Order. Judge Wicks noted, more specifically, that "[t]he Court found that Petitioner's challenge to the admission [of] a 911 tape into evidence was procedurally defaulted," that "[t]hat issue was certified for appeal," and that "the Second Circuit agreed." *See* March 19, 2024 Order. Judge Wicks further noted that "[t]he current Petition at ECF No. 1 challenges that same conviction and

---

[1] When citing to the Petition, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

claims ineffective assistance of counsel," and "[b]ecause that issue could have been raised in the original petition," Judge Wicks found that the Petition "appears to be a successive petition, requiring permission from the Second Circuit to pursue in this Court."  *See* March 19, 2024 Order (citing cases).  Judge Wicks directed the Clerk of the Court to assign a District Judge to this case, "in order to: (i) determine whether the Petition at ECF No. 1 is a successive petition, and, if so, (ii) transfer the petition to the Second Circuit pursuant to Court Order."  *See* March 19, 2024 Order (citing cases).

On March 19, 2024, this case was reassigned to the undersigned.  *See* docket entry dated March 19, 2024.  Petitioner thereafter filed various letters and a motion.  *See* ECF Nos. 6-8.  In letters dated March 30, 2024, Petitioner notes the docket sheet's reference to the need for a determination of whether the Petition is "successive;" asserts that "the relief requested in the petition is for the restoration o[f] direct-appeal rights only" – citing the Petition and Civil Cover Sheet and referencing *Carranza v. United States*, 794 F.3d 237, 241 (2d Cir. 2015); and states that he "hope[s] this information brings the current inquiry to a speedy and correct end[] [s]o that the case can proceed forthwith."  *See* ECF No. 7 at 3, 5.[2]  By motion dated April 25, 2024, Petitioner seeks a declaration that the Petition is not a successive petition.  *See* ECF No. 8.

Petitioner's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, is granted.  However, for the reasons set forth below, the Court cannot consider the instant Petition and transfers it to the United States Court of Appeals for the Second Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas

---

[2]  The letters at ECF No. 7 at 3-4 and ECF No. 7 at 5-6 are identical in substance but are addressed to Judge Wicks and to the undersigned, respectively.

2

motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Here, Petitioner appears to seek to challenge the same conviction he challenged in a prior action pursuant to 28 U.S.C. § 2254. *See* Pet. at 16; *see also Smith v. Duncan*, No. 00-CV-04010 (E.D.N.Y. Aug. 14, 2003) (denying Petitioner's earlier petition for a writ of habeas corpus), *aff'd*, 411 F.3d 340 (2d Cir. 2005). Petitioner must therefore move the United States Court of Appeals for the Second Circuit for permission to pursue a successive petition for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A).[3]

Accordingly, in the interest of justice, the Clerk of Court shall transfer the instant Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121-23 (2d Cir. 1996)).[4]

The Clerk of Court is directed to mail a copy of this Order to Petitioner and to close the case. If the United States Court of Appeals for the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen the case under this docket number.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of

---

[3] Although Petitioner characterizes the Petition as a petition for restoration of direct appeal rights, Petitioner has already directly appealed his conviction and the conviction was affirmed. *See* Pet. at 7; *see also People v. Smith*, 261 A.D.2d 423 (2d Dep't), *leave to appeal denied*, 93 N.Y.2d 1006 (1999).

[4] In light of the above, the motion at ECF No. 8 is denied.

an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated:  April 30, 2024
          Brooklyn, New York